NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERMOLIFE INTERNATIONAL, LLC,
an Arizona limited liability company,

No.   20-16138

            Plaintiff-Appellant,

D.C. No. 2:19-cv-01473-SMM

v.

MEMORANDUM*

COMPOUND SOLUTIONS, INC., a
California corporation,

            Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted March 5, 2021
Phoenix, Arizona

Before:  HAWKINS and BUMATAY, Circuit Judges, and CARDONE,** District
Judge.

ThermoLife International, LLC ("ThermoLife") appeals the dismissal of its

false patent marking, false advertising, and unfair competition claims under Rules

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

12(b)(1) (lack of subject-matter jurisdiction)[1] and 12(b)(6) (failure to state a claim). Fed. R. Civ. P. 12(b)(1) and 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

ThermoLife asserts that Compound Solutions, Inc. ("Compound") falsely marked one of its products, "VASO6," as patented even though VASO6 does not practice a patented invention and is merely common green tea extract. Title 35 section 292(a) prohibits marking upon "any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public." To state a claim under 35 U.S.C. § 292, the plaintiff must allege that the defendant (1) marked an unpatented article (2) with an intent to deceive the public. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011). Because false patent marking claims sound in fraud, they must satisfy the heightened pleading requirements of Rule 9(b), *id.*, which requires a party to "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b).

---

[1] Compound argues that ThermoLife has not pled an "injury in fact" sufficient to confer Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The district court correctly concluded that ThermoLife did allege an "injury in fact," and therefore established Article III standing, by asserting that ThermoLife lost sales as a result of customers choosing VASO6 over ThermoLife's nitrates. *See id.* at 561 ("general factual allegations of injury" due to the defendant's conduct suffice to establish standing); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (allegations of lost sales give plaintiff standing under Article III to press a false advertising claim).

While ThermoLife sufficiently pled that Compound falsely marked VASO6 as patented because ThermoLife asserts that lab results confirmed VASO6 is composed of nothing more than "common green tea extract" and therefore does not contain any patented materials, it has not plausibly alleged that Compound acted with an intent to deceive the public with its false marking of VASO6. ThermoLife asserts that as a "sophisticated" seller of this product, Compound must know the true contents of VASO6. Without more, these conclusory allegations fail to establish that ThermoLife acted with knowledge that what it was saying about VASO6 was not so. *See In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1309 (Fed. Cir. 2011) (allegations of false patent marking not sufficient when they only assert "that a defendant is a 'sophisticated company' and 'knew or should have known'" that its product was falsely marked). Thus, ThermoLife has failed to state a claim for false patent marking, and we affirm the district court's dismissal of ThermoLife's false patent marking claim.

ThermoLife also asserts that Compound falsely advertised that VASO6 has vasodilative properties, and therefore potential customers were deceived into purchasing VASO6 and that such false advertising diverted sales away from ThermoLife's nitrates. The Lanham Act provides that any person who uses a false or misleading description or representation of fact in connection with a good, which

misrepresents the nature of that good, will be liable to "any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a).

But the Lanham Act does not allow "all factually injured plaintiffs to recover." *Lexmark*, 572 U.S. at 129. The "zone-of-interests test and the proximate-cause requirement" set forth "the relevant limits on who may sue." *Id.* at 134. To come within the Lanham Act's zone-of-interests, a plaintiff's injury must be "to a commercial interest in reputation or sales." *Id.* at 131–32. To satisfy this proximate-cause requirement, a plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that . . . occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133. The "paradigmatic" injury from false advertising is "diversion of sales to a direct competitor." *Id.* at 138; *see also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011) (allegations of product misrepresentation and direct competition suffice to bring suit under the Lanham Act).

We conclude ThermoLife may sue under the Lanham Act. ThermoLife's injury comes within the Lanham Act's zone-of-interests because ThermoLife alleges that customers are choosing VASO6 over ThermoLife's nitrates, which is a commercial injury to sales. And ThermoLife has satisfied the proximate-cause requirement because ThermoLife sufficiently alleges that its nitrates directly

4

compete with Compound's falsely advertised VASO6.  In support of this allegation, ThermoLife asserts that both its nitrates and VASO6 increase vasodilation and are sold at the same level in the dietary supplement supply chain to pump and pre-workout manufacturers for licensing and use in their own products.  Some of ThermoLife's customers have considered replacing and have replaced ThermoLife's nitrates with VASO6.  Products containing ThermoLife's nitrates and products containing VASO6 are also displayed side-by-side in the pump and pre-workout sections of online shops and brick-and-mortar stores.  Thus, ThermoLife has stated a claim for false advertising.

Finally, state common law claims of unfair competition are "substantially congruent" to claims made under the Lanham Act, and thus share the same analysis. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).  Because ThermoLife has stated a false advertising claim under the Lanham Act, it has also stated a common law unfair competition claim.  The dismissal of ThermoLife's false advertising and unfair competition claims is reversed, and the case is remanded for further proceedings.

**AFFIRMED in part; REVERSED in part and REMANDED.  Each party to bear its own costs on appeal.**